IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| VERONICA ANN HERNANDEZ,   §<br>    Plaintiff,   § <br> v.   § <br>    § <br> CAROLYN W. COLVIN,   § <br> Acting Commissioner of Social Security,   § <br>    Defendant.   § | NO.  EP-3:15-CV-00175-RFC |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and for supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

## PROCEDURAL HISTORY

On October 24, 2011, Plaintiff filed applications for DIB and SSI benefits, with an alleged disability onset date of October 7, 2011.  (R:125-140)  Her applications were denied initially and upon reconsideration.  (R:11)  After conducting a hearing on October 16, 2013, the Administrative Law Judge ("ALJ") issued a decision on January 24, 2014, denying benefits.  (R:11-24, 32-62) The ALJ determined that Plaintiff had severe impairments of degenerative joint disease of the right knee; osteoarthritis; obesity; status post gastric bypass surgery; bipolar disorder; and obstructive sleep

apnea. (R:13)  She found that Plaintiff's hypertension and diabetes mellitus were non-severe impairments. (R:14)  The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments. (R:14)  She further determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except that she must avoid exposure to all hazards in the workplace, such as working near unprotected heights or around dangerous machinery; she should never be required to drive any type of vehicle while at work; and she could make simple decisions with few workplace changes. (R:16)  At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (R:22)  At step five, the ALJ found that considering Plaintiff's age, education, work experience, RFC, and taking into account vocational expert ("VE") testimony, Plaintiff could perform other work that existed in significant numbers in the national economy, i.e., the positions of callout clerk, D.O.T. 237.367-014; final assembler, D.O.T. 713.687-018; and, food and beverage order clerk, D.O.T.  209.567-014. (R:22-23)  Consequently, the ALJ found that Plaintiff was not disabled through the date of her decision. (R:23) The Appeals Council ("AC"), after receiving additional evidence for consideration, denied Plaintiff's request for review on April 13, 2015.  (R:1-7)

## ISSUES

Plaintiff presents the following issues for review:

1) whether the AC violated the Hearings, Appeals and Litigation Law Manual ("HALLEX") by failing to provide any explanation as to why the new and material evidence provided by Plaintiff was not considered and why it did not justify granting the request for review; and

2) whether the AC failed to consider new and material evidence submitted by Plaintiff on appeal.

Plaintiff contends that the ALJ's disability determination is the result of legal error and is not supported by substantial evidence. (Doc. 19:2) Consequently, she seeks a reversal and remand for an award of benefits or for further administrative proceedings. (Doc. 19:7)

## DISCUSSION

### I. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### II. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s)

meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work.  20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof at the first four steps of the analysis.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden only if her decision is supported by substantial evidence.  *Id.*

### III. Consideration of New Evidence

Plaintiff contends that the AC failed to provide any basis for why the new evidence she submitted did not justify granting her request for review, in violation of its own internal procedures.  She asserts that the AC should have provided an explanation assessing the weight of the evidence, pursuant to 20 C.F.R. §§ 404.970 and 416.1470.  (Doc. 19:4-5)

Defendant responds, and the Court agrees, that a detailed explanation is not required.  The AC stated in its decision that it considered whether the ALJ's action, findings, or conclusion were contrary to the weight of the evidence of record, which included the additional evidence that it received from Plaintiff, but that such evidence did not provide a basis for changing the ALJ's decision. (R:1-2)  The AC also explained that some of the new evidence was from a later time, and did not affect the decision about whether Plaintiff was disabled on or before January 24, 2014.  (R:2)  The AC's explanation is adequate.  *See Higginbotham v. Barnhart*, 405 F.3d 332, 335 n.1 (5th Cir. 2005); *Coleman v. Astrue*, No. 1:08-CV-230-SAA, 2010 WL 956175 at *6 (N.D. Miss. Mar. 11, 2010) (referencing HALLEX § I-3-5-90, SSA's internal manual, which no longer requires detailed

4

discussion of additional evidence).

Plaintiff also contends that the AC failed to properly consider the additional medical evidence she submitted for review, and that consideration of such evidence would likely have changed the outcome of the case. She therefore asserts that the case should be remanded. (R:3-7)

"The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b). New evidence is considered material if it relates to the time period for which the disability benefits were denied, and there is a reasonable probability that it would have changed the outcome of the disability determination. *See Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003).

Evidence submitted for the first time to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based. *Higginbotham*, 405 F.3d at 337. In determining whether the Appeals Council properly considered the new evidence in light of the ALJ's decision, the Court will review the record as a whole, including the additional evidence, in determining whether substantial evidence supports the Commissioner's findings. *See Higginbotham v. Barnhart*, 163 Fed.Appx. 279, 281-82 (5th Cir. 2006); *Jones v. Astrue*, 228 Fed. Appx. 403, 406-07 (5th Cir. 2007).

In the present case, part of the new evidence is from Ray Leal, PMP, dated February 11, 2014, and from the El Paso Pain Center, dated May 20, 2014 through November 18, 2014. (R:2) The AC concluded that this new evidence related to a later time, and therefore did not affect the

5

decision about whether Plaintiff was disabled through January 24, 2014, the date of the ALJ's decision. (R:2) Plaintiff has not challenged this specific finding in her brief. The Commissioner argues that the AC's conclusion is fully justified as a matter of law. (Doc. 21:5). Because there is no showing that either item of evidence was material, the Court finds that no error was committed by the ALJ.

Plaintiff contends that the new and material evidence also includes diagnoses regarding bipolar disorder, PTSD, anxiety, and a GAF score of 50. (Doc. 19:5-6) She argues that some of the new evidence relates to pain and arthritis. (Doc. 19:5) All of this evidence relates to medical conditions which existed at the time of Plaintiff's onset date. (*Id*) She further contends that records from Diagnostic Outpatient Imaging also include x-rays of Plaintiff 's lumbar spine showing minimal degenerative changes of the thoracic spine, Plaintiff's cervical spine showing mild degenerative changes of spondylosis in the fifth cervical vertebra, degenerative disc disease at C4-C5, and a loss of normal cervical lordotic curvature. (Doc. 19:6; R:1117-1118). Plaintiff argues that the foregoing supports Plaintiff's statements regarding her limitations and her inability to perform sustained work on a regular and continuing basis. (Doc. 19:6) Plaintiff further argues that the new evidence supports Plaintiff's treating counselor, Grace Mendez's M.Ed., LPC, opinion that Plaintiff has marked limitations in three areas of function, essentially demonstrating that Plaintiff meets or equals all criteria of Listing 12.04. (Doc. 19:6; R:1024-1025). Plaintiff concludes that the failure to properly consider this evidence leads to legal error which requires that the case be remanded. (Doc. 19:6)

The additional evidence, however, is devoid of any post-decision treatment or recommended treatment for her medical conditions. Furthermore, the previous medical records showed that

6

Plaintiff had been diagnosed with substantially the same medical conditions that are addressed by the new medical evidence. The new evidence does not indicate any limitations or restrictions on Plaintiff's ability to work due to her back problems, depression, pain, arthritis, anxiety, or otherwise, that would be inconsistent with the ALJ's decision and would preclude her from engaging in substantial gainful activity. The mere presence of an impairment is not disabling *per se. See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983).

Furthermore, in terms of substantial evidence, the record is replete with medical evidence which supports the ALJ's decision in this case. State agency psychiatrist Margaret Meyer, M.D., opined that Plaintiff was not disabled from a mental standpoint. (R:289-302) State agency psychologist Sarah Jackson reached a similar conclusion. (R:324) The ALJ acted within her discretion in not fully accepting the evidence supplied by treating counselor Grace Mendez, inasmuch as this evidence was inconsistent with the rest of the medical evidence regarding Plaintiff's mental condition. In addition, Ms. Mendez is not an acceptable medical source. *See* 20 C.F.R. § 416.913(d). Finally, in his consultative examination, Augustine Eleje, M.D., concluded that Plaintiff did not have any limitations with sitting, standing, handling objects, moving about, lifting, carrying, hearing, and speaking. (R:285)

The Court has reviewed the evidence of record, including that submitted to the Appeals Council, and finds that substantial evidence supports the ALJ's findings and disability determination. This is not a case where the new evidence dilutes the record to the point where substantial evidence no longer supports the ALJ's decision or is so inconsistent with the ALJ's opinion that it undermines the ultimate disability determination. *See Booker v. Astrue*, No. 3:10-CV-1940-P(BF), 2011 WL 4031096, *7 (N.D. Tex. August 15, 2011). The Court concludes that there is no reasonable

probability that the new evidence would have changed the outcome of the ALJ's decision. Accordingly, Plaintiff's claim is without merit.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on July 29, 2016.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE